IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW McKINNON,
#B89426,

Plaintiff,

vs.

BIG MUDDY RIVER CORRECTIONAL CENTER
and DENNIS LARSON,

Defendants.   Case No. 17-cv-1360-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Andrew McKinnon, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that Doctor Larson has denied him adequate medical care for numerous ailments at Big Muddy since 2014. (Doc. 1, pp. 5-10). He now asserts several Eighth Amendment claims against Doctor Larson and the prison. *Id*. Plaintiff seeks monetary damages against both defendants. (Doc. 1, p. 11).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## The Complaint

Plaintiff alleges that he has generally been denied adequate medical care at Big Muddy since 2014. (Doc. 1, pp. 5-10). During the summer of 2014, he began suffering from headaches, stomachaches, and digestive problems. (Doc. 1, p. 5). Between August 2014 and May 2016, Plaintiff submitted numerous sick call slips about these health issues. *Id.* Rather than meeting with Doctor Larson to discuss them, he was routinely scheduled to meet with a physician's assistant instead. *Id*. Consequently, Plaintiff never learned what caused his symptoms, and he never received treatment for them. *Id*.

Plaintiff began to wonder if the prison's water was the culprit. (Doc. 1, pp. 5-6). On October 24, 2015, he wrote a grievance to Counselor Kimberlee Wharton stating his concerns. (Doc. 1, p. 5). In the grievance, he traced his symptoms and the suspected prison water problems back to June 18, 2014. *Id*. When he received no response to the grievance, Plaintiff wrote another one. *Id*. When he still received no response, Plaintiff submitted a request for water treatment records to the City of Carbondale pursuant to the Freedom of Information Act. (Doc. 1, pp. 5-6). He also wrote to Attorney General Lisa Madigan. *Id*. He was unable to obtain any information which suggested to him that the prison's water was tainted. *Id*. Still, his symptoms persisted. *Id*.

During the summer of 2015, Plaintiff fell from his top bunk bed onto his hands and knees. (Doc. 1, p. 6). Unable to move, he lay in pain on the floor for more than a half hour before help arrived. *Id*. When an officer took him to the prison's health care unit for treatment, a nurse gave Plaintiff a single pack of 8-10 ibuprofen (200 mg) and sent him back to his cell in excruciating pain. *Id*. Plaintiff requested additional treatment by submitting a nurse sick call slip, but his request was ignored. (Doc. 1, pp. 6-7). Meanwhile, he continued seeking treatment for his headaches, stomachaches, and digestive problems, to no avail. (Doc. 1, p. 7).

Around April 2017, Plaintiff noticed an unusual protrusion on his chest. (Doc. 1, p. 7). He submitted a request to meet with Doctor Larson, but he was required to meet with a physician's assistant instead. *Id*. Although x-rays were

ordered, Plaintiff did not meet with Doctor Larson to discuss the results until August 21, 2017. *Id*. On that date, the doctor indicated that the x-rays did not explain why Plaintiff had a lump on his chest. *Id*. When Doctor Larson questioned Plaintiff about recent accidents, Plaintiff could only recall the fall from his top bunk bed in 2015 and a traffic accident in 1991. *Id*. The doctor admitted that the fall could have caused Plaintiff's injury. *Id*. Even so, Doctor Larson took no further steps to diagnose or treat the condition, and he declined to send Plaintiff to an outside provider for this purpose. *Id*.

Plaintiff also complains of ongoing problems obtaining prescription refills. (Doc. 1, p. 8). He has taken Claritin for sinus problems since he was 30 years old. *Id*. To obtain prescription refills, he must submit multiple written requests to see the doctor every other month and pay a $3.00 co-payment for the appointment. *Id*. Even then, he is not consistently given a refill. *Id*.

In addition, Plaintiff complains of inadequate medical treatment for his diabetes. (Doc. 1, p. 8). On December 5, 2017, he was given a blood sugar test (*i.e.*, "A1C check"). *Id*. Plaintiff's A1C levels dropped by 4 points. *Id*. These results suggested that no adjustments to his medications were necessary. *Id*. Even so, Doctor Larson increased Plaintiff's insulin and blood pressure medicine. *Id*. When Plaintiff questioned this decision, several nurses agreed that no adjustments were necessary. *Id*. However, the nurses would not address the issue with Doctor Larson. *Id*.

Plaintiff also claims that he needs diabetic shoes, due to nerve damage in his feet caused by his condition. (Doc. 1, p. 9). Doctor Larson will not order the shoes for Plaintiff because he considers Plaintiff's blood flow in his feet to be "good." *Id*. Plaintiff disagrees and describes shooting pain in his legs and feet that causes him to feel miserable. *Id*.

Finally, Plaintiff points out that the problems with the prison health care system are not limited to Doctor Larson.[1] (Doc. 1, p. 10). In August 2014, he filed a grievance to complain about the amount of time it took the prison's dentist to pull a tooth. *Id*. In January 2017, he also filed a grievance with the warden to complain about the amount of time it took to obtain partial dentures. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in the Complaint into the following enumerated counts:

**Count 1** - Doctor Larson has failed to diagnose or treat Plaintiff's persistent headaches, stomachaches, and digestive problems that began in the summer of 2014, in violation of Plaintiff's rights under the Eighth Amendment.

**Count 2** - Doctor Larson has failed to diagnose or treat Plaintiff's neck pain and chest lump that appeared after he fell

---

[1] Plaintiff asserts no claim against Doctor Larson or Big Muddy for the delays in dental care he describes, and he does not name the prison dentist as a defendant in the instant Complaint. The dental care claims do not belong in this action because they are unrelated to the claims against Doctor Larson and involve different defendants. *See* FED. R. CIV. P. 18, 20-21; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, Plaintiff must pursue them, if at all, in a separate civil rights action.

> from his top bunk in the summer of 2015, in violation of Plaintiff's rights under the Eighth Amendment.
>
> **Count 3** - Doctor Larson has failed to consistently refill Plaintiff's prescription for Claritin since 2014, in violation of Plaintiff's rights under the Eighth Amendment.
>
> **Count 4** - Doctor Larson has failed to properly treat Plaintiff's diabetes, by increasing his insulin and blood pressure medicine unnecessarily and denying his request for diabetic shoes, in violation of Plaintiff's rights under the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding the merits. **Any other claims in the Complaint that are not identified above are inadequately pled under *Twombly* and are considered dismissed without prejudice from this action.**

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The denial of medical care may amount to cruel and unusual punishment. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). An Eighth Amendment claim for inadequate medical care consists of an objective and a subjective component. *Id*. To state an Eighth Amendment claim, a plaintiff must set forth allegations which suggest that he suffered from a sufficiently serious medical condition (*i.e.*, an objective standard), and that the defendant responded to his medical condition with deliberate indifference (*i.e.*, a subjective standard). *Id*.

A serious medical condition is one that has been diagnosed by a physician

as requiring treatment or the need for treatment would be obvious to a lay person. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Minor aches and pains are not sufficiently serious to support a constitutional claim. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009). In contrast, complaints of intense or chronic pain are often deemed sufficiently serious to support a claim at screening. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (chronic pain presents "separate objectively serious condition"); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Likewise, diabetes is generally considered to be a serious medical condition. *Hahn v. Walsh*, 762 F.3d 617, 621-22 (7th Cir. 2014); *Ortiz v. City of Chicago*, 656 F.3d 523, 526, 533 (7th Cir. 2011); *Bowers v. Milwaukee Cnty. Jail Medical Staff*, 52 F. App'x 295, at *2 (7th Cir. 2002); *Egebergh v. Nicholson*, 272 F.3d 925, 927 (7th Cir. 2001). Against this backdrop, the Court finds that the Complaint describes medical conditions and symptoms that are sufficiently serious to satisfy the objective component of Plaintiff's Eighth Amendment claims at screening.

Plaintiff must also demonstrate that each defendant responded to his serious medical conditions with deliberate indifference. This is shown when a defendant knows of and disregards a serious risk of harm to Plaintiff. *Riley v. Kolitwenzew*, 640 F. App'x 505, 508 (7th Cir. 2016) (citing *Holloway v. Del. Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Delays in treating non-life threatening but painful

7

conditions may constitute deliberate indifference. *Arnett*, 658 F.3d at 753. This is particularly true if the delay exacerbates an injury or unnecessarily prolongs the pain. *Id*. (citing *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010)). The allegations suggest that Doctor Larson may have responded to Plaintiff's serious medical conditions with deliberate indifference. Accordingly, all claims shall receive further review against the doctor.

However, Big Muddy shall be dismissed as a defendant. Big Muddy is a state prison and is operated by the Illinois Department of Corrections. It has long been held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015); *Parker v. Franklin* Cty. Cmty. Sch. Corp., 667 F.3d 910, 926 (7th Cir. 2012). Under the circumstances, Plaintiff cannot bring this suit against Big Muddy because it is not a "person" who is subject to a suit for money damages under § 1983. Accordingly, Big Muddy shall be dismissed with prejudice from this action.

Likewise, Plaintiff cannot pursue claims against individuals who are mentioned in the Complaint but not named as defendants. This includes Kimberlee Wharton, Lisa Madigan, physician's assistants, nurses, and officers he described in his statement of claim but did not name as parties to this action. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must

name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, all claims against these non-parties are considered dismissed without prejudice from this action.

### Pending Motions

**1.  Motion for Leave to Proceed *in forma pauperis* (Doc. 2)**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* shall be addressed in a separate court order.

**2.  Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

**3.  Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as unnecessary. Because Plaintiff seeks leave to proceed as a poor person in this § 1983 action, service of this suit on the defendant will be ordered as a matter of course.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2, 3,** and **4** are subject to further review against Defendant **DENNIS LARSON**. These claims are **DISMISSED** with prejudice against Defendant **BIG MUDDY RIVER CORRECTIONAL CENTER** because the prison is not a "person" who is subject to a suit for money damages under § 1983; therefore, the Complaint fails to state a

claim upon which relief may be granted against this defendant.

The Clerk is directed to **TERMINATE** Defendant **BIG MUDDY RIVER CORRECTIONAL CENTER** as a party to this action in CM/ECF.

The Clerk is further directed to **REASSIGN** this case to Judge J. Phil Gilbert for all further proceedings pursuant to Administrative Order 188. Judge David R. Herndon is no longer assigned to this case.

With regard to **COUNTS 1, 2, 3,** and **4**, the Clerk of Court shall prepare for Defendant **DENNIS LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the

court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.11
05:42:42 -06'00'

**United States District Judge**