UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW MCKINNON,

    Plaintiff,

v.

BIG MUDDY RIVER CORRECTIONAL
CENTER, and DENNIS LARSON,

    Defendants.

Case No. 17-cv-1360-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 35) of Magistrate Judge Reona J. Daly recommending that the Court grant defendant Dennis Larson's motion for summary judgment (Doc. 30) and dismiss Counts 1, 2, 3, and part of 4 for failure to exhaust administrative remedies. Plaintiff Andrew McKinnon has objected to the Report (Doc. 36).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Daly details three grievances filed by McKinnon, including how McKinnon attempted to exhaust each. The Report concludes that none of the three grievances (whether exhausted or not) complained about the issues raised in Count 1 (Larson's failure to treat McKinnon's persistent headaches, stomachaches, and digestive

problems), Count 2 (Larson's failure to treat McKinnon's neck pain and chest lump), Count 3 (Larson's failure to renew McKinnon's Claritin prescription) and part of Count 4 (Larson's increasing McKinnon's blood pressure medicine).

The greater part of McKinnon's objection addresses the substantive merits of his claims, which were not in issue in Larson's motion for summary judgment or Magistrate Judge Daly's Report. McKinnon only briefly discusses the relevant question—whether he has exhausted his administrative remedies for the issues raised in Counts 1, 2, 3, and part of 4. He asserts with respect to one grievance that he was prevented from exhausting his remedies because his counselor delayed responding to that grievance.

The Court has reviewed the matter *de novo* and agrees with Magistrate Judge Daly for the reasons stated in the Report. Whether McKinnon pursued each of his three grievances to their administrative conclusions or was prevented from doing so is not relevant to the pending motion because none of those grievances raised the issues in Counts 1, 2, 3, and part of 4. This means that even if he had exhausted all of his available administrative remedies for all three grievances, he would not have exhausted the *issues* he raises in Counts 1, 2, 3, and part of 4. Consequently, Larson is entitled to summary judgment on those claims.

Larson does not object on exhaustion grounds to the other aspects of Count 4:

> Doctor Larson failed to properly treat Plaintiff's diabetes by increasing his insulin unnecessarily and denying his request for diabetic shoes, in violation of Plaintiff's rights under the Eighth Amendment.

Those claims will proceed. McKinnon will have an opportunity to present substantive arguments and evidence about those claims later in the case.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 35);

- **OVERRULES** McKinnon's objections (Doc. 36);

- **GRANTS** Larson's motion for summary judgment as to Counts 1, 2, 3, and part of 4 (to the extent it raises complaints about increases in blood pressure medicine); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   February 20, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
