UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW MCKINNON,

    Plaintiff,

v.

BIG MUDDY RIVER CORRECTIONAL
CENTER, and DENNIS LARSON,

    Defendants.

Case No. 17-cv-1360-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Andrew McKinnon's motion to reconsider (Doc. 39) the Court's February 20, 2019, order (Doc. 37) adopting Magistrate Judge Reona J. Daly's Report and Recommendation ("Report") (Doc. 35) and granting of defendant Dennis Larson's motion for summary judgment (Doc. 30). In that order, the Court dismissed Counts 1, 2, 3, and part of 4 because, although McKinnon filed three grievances, none of them addressed the issues in the dismissed claims: Larson's failure to treat McKinnon's persistent headaches, stomachaches, and digestive problems (Count 1); Larson's failure to treat McKinnon's neck pain and chest lump (Count 2), Larson's failure to renew McKinnon's Claritin prescription) (Count 3), and Larson's increasing McKinnon's blood pressure medicine (part of Count 4). Larson has asked the Court to reconsider its decision to dismiss Count 1 and part of Count 4, and he points to grievances he claims raise the issues in the dismissed claims.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v.*

*California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

As a preliminary matter, the Court is not inclined to revisit its decision to grant summary judgment when the plaintiff failed to respond to the summary judgment motion and failed to adequately address the exhaustion issue in his objections to the Report. Under Local Rule 7.1(c), McKinnon's failure to respond to the motion is alone justification for finding he has admitted the merits of the motion. Furthermore, his failure to object to the basis for the Report can also waive any objections to it. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

Even if the Court were to reconsider its order, it would find no compelling reason to change its order. As Magistrate Judge Daly noted in the Report, McKinnon's October 24, 2015, grievance about water making his stomach upset was a grievance about water quality, not medical treatment. There was nothing from which Larson should have known McKinnon was complaining about the medical treatment he or any other medical staff member provided, the gravamen of Count 1. In fact, his grievance mentioned only that he took over-the-counter

antacid tablets from the commissary, not that he ever sought treatment from the healthcare unit.

As for McKinnon's claim in Count 4 that Larson increased his blood pressure medicine, neither his August 24, 2016, nor his September 14, 2016, grievance even mentioned blood pressure or blood pressure medication.

As for Count 2, while McKinnon does not expressly request reconsideration of the Court's dismissal, but he mentions it in his motion. He points to documents that are not grievances to suggest Count 2 should not have been dismissed. He does not point to any grievance, however, and that is what he needed to submit to avoid dismissal on exhaustion grounds.

In sum, McKinnon has not made that extraordinary circumstances exist that would justify revisiting its February 20, 2019, order. Accordingly, the Court **DENIES** McKinnon's motion for reconsideration (Doc. 39).

**IT IS SO ORDERED.**
**DATED: May 21, 2019**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**