UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW MCKINNON,

    Plaintiff,

    v.

BIG MUDDY RIVER CORRECTIONAL
CENTER, and DENNIS LARSON,

    Defendants.

Case No. 17-cv-1360-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dennis Larson's appeal (Doc. 46) of Magistrate Judge Reona J. Daly's September 26, 2019, order (Doc. 45) denying Larson's September 25, 2019, motion for extension of time to file a dispositive motion (Doc. 44). Plaintiff Andrew McKinnon has not responded to Larson's appeal.

In the appealed order, Magistrate Judge Daly found that Larson had not shown excusable neglect or good cause for extension of the May 31, 2019, deadline for filing substantive dispositive motions (*i.e.*, not based on exhaustion of administrative remedies). She found that there was sufficient time between the Court's February 20, 2019, order granting his motion for partial summary judgment based on exhaustion and the May 31, 2019, deadline either (1) to conduct discovery and file a substantive summary judgment motion or (2) to request an extension of the discovery and dispositive motion deadlines in light of McKinnon's April 10, 2019, motion to reconsider the Court's exhaustion decision. The Court denied McKinnon's motion to reconsider on May 21, 2019.

In his appeal of Magistrate Judge Daly's order, Larson notes that the scheduling and discovery order (Doc. 44) stayed discovery on the merits until resolution of the exhaustion issue.

He claims that, although the Court ruled on the exhaustion issue on February 20, 2019, he thought that the Court would *sua sponte* vacate the scheduling and discovery order since he only had about two months left (until April 26, 2019) to conduct discovery and would *sua sponte* set new final pretrial conference and trial dates because another judge had done so in her case. He also concluded that, after seven weeks for merits discovery (between the Court's exhaustion ruling on February 20, 2019, and McKinnon's motion for reconsideration on April 10, 2019), the opportunity closed again upon McKinnon's motion for reconsideration. He further assumed that the failure of the Court to change the schedule was due to the Court's normal busy docket.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

The Court has reviewed Magistrate Judge Daly's September 26, 2019, order and finds it is not clearly erroneous or contrary to law. Furthermore, the Court sees no need to reconsider *sua sponte* Magistrate Judge Daly's order. The Court entered a clear scheduling and discovery order, and unless that order is vacated or superseded, it governs. If Larson thought the Court should have vacated or altered the order in light of the circumstance of the case, he was free to ask the Court to do so. Additionally, Larson had a full seven weeks to conduct merits discovery before the question should have even arisen how a motion for reconsideration might have affected discovery; his assumption that it had an impact without seeking any clarification was unreasonable. Finally, allowing an additional opportunity to file a dispositive motion at this

point would require rescheduling the trial of this nearly two-year-old case.

For these reasons, the Court **REJECTS** Larson's appeal (Doc. 46) and **AFFIRMS** Magistrate Judge Daly's September 26, 2019, order (Doc. 45) denying Larson's September 25, 2019, motion for extension of time to file a dispositive motion (Doc. 44). This case remains on the trial docket for February 24, 2020.

**IT IS SO ORDERED.**
**DATED:   October 31, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**